HERMAN KRUEGEL v. THOS. F. NASH, DISTRICT JUDGE.

Decided December 13, 1902.

1.—Contempt—Authority of Court to Punish—Forbidding Appearance.

The district court has not authority to punish a party for contempt in filing a scurrilous motion by forbidding him to further appear at the bar of the court in that or any other case, and such an order is void.

2.—Same—Purging Contempt.

An order forbidding a party to appear or file any other pleading until he shall have purged himself of contempt does not forbid the filing of a motion by him to purge himself of the contempt.

3.—Same—Mandamus Against Judge.

The refusal of the clerk to file such motion will not authorize the issuance of a mandamus against the judge, it not being the latter's duty to file papers.

4.—Same—Adequate Relief by Appeal.

Nor will mandamus issue to compel the judge to vacate such order, since the applicant has an adequate remedy by appeal therefrom.

Original application for mandamus.

*Herman Kruegel,* for applicant.

*Thos. F. Nash,* for respondent.

RAINEY, CHIEF JUSTICE.—This is an application for the writ of mandamus commanding the Hon. Thos. F. Nash, judge of the Fourteenth Judicial District of Texas, to vacate an order adjudging Herman Kruegel guilty of contempt, and permit him to file all necessary papers and appear before said court in his own behalf, etc.

The application shows that the said Kruegel instituted certain proceedings in said court and filed a certain paper therein containing matter which the court considered scurrilous and contemptuous, and thereupon made the following order, which was entered upon the minutes of the court, to wit: "Plaintiff, H. Kruegel, is adjudged in contempt in filing and offering to prosecute this motion in this case, which is in the highest degree scurrilous, and will not be permitted to appear at the bar of this court or file any other pleading or paper in this or any other case unless he shall first purge himself of such contempt."

A few days after the entering of said order said Kruegel presented to the clerk of said court a paper indorsed: "Plaintiff's motion to purge· himself of contempt of court," with a verbal request to file, which the clerk refused to do on account "of said order and special instruction of said Thos. F. Nash, the judge of said court." The reasons for failure to file are not valid, for the order made by the court is illegal and void, the court not having power to debar a party from appearing at the bar of the court in his own behalf. It has jurisdiction to adjudge one guilty of contempt, and to punish by fine and imprisonment, but no authority is conferred upon it to exclude one from his constitutional right of

appearing for the purpose of prosecuting or defending his rights. Kruegel was entitled to have his "motion" filed, and it was the duty of the clerk to file it. The order being invalid, the clerk was not bound to respect it. Besides, it can not well be said that the order, by its terms, prohibited its filing, as the order only applied in the event Kruegel failed to purge himself, and surely he was entitled to appear in court for that purpose, and his "motion" was to that end.

However, no right to a mandamus is shown against Thos. F. Nash. It was not his duty to file the paper, and no failure of duty on his part is shown which warrants the issuance of the writ as to him. The order being void, we can not presume that said judge will prevent said Kruegel from appearing at the bar of his court for the purpose of purging the contempt, or in causes in which he is a party. Nor will it issue for the purpose of requiring him to vacate the order complained of. Applicant has an adequate remedy to obtain relief from said order by appeal, and when such remedy exists mandamus can not be resorted to.

*Motion denied.*